# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CURTIS FREEMAN, | ) | Case No.: 2:10-cv-00254-RLH-PAL |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | (Motion to Dismiss–#17) |
| ADT SECURITY SERVICES, INC., a | ) | |
| Delaware Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant ADT Security Services' **Motion to Dismiss** (#17), filed May 24, 2010. The Court has also considered Plaintiff Curtis Freeman's Opposition (#18), filed June 7, 2010, and ADT's Reply (#20), filed June 17, 2010.

**BACKGROUND**

Plaintiff Curtis Freeman, an African-American, was employed as a security officer by Defendant ADT Security Services from July 2008 to December 2009. ADT apparently terminated Freeman's employment after he a drew his gun while on security and failed to provide ADT with a written report regarding why his drew his gun. Freeman alleges ADT terminated his employment because of his race and claims ADT has not fired other non-African American employees who have drawn their guns without reporting the incidents.

AO 72
(Rev. 8/82)

On February 23, 2010, Freeman filed suit in this Court against ADT alleging claims for (1) race discrimination under 42 U.S.C. § 1981; (2) negligent infliction of emotional distress; and (3) negligent training and supervision. On April 21, Freeman amended his complaint and added additional facts to support his three causes of action against ADT. ADT now moves to dismiss Freeman's amended complaint, arguing that it fails to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court grants ADT's motion in part and denies it in part.

## DISCUSSION

### I.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice.

1  *Iqbal*, 129 S. Ct. at 1949.  Second, the court must consider whether the factual allegations in the
2  complaint allege a plausible claim for relief.  *Id*. at 1950.  "A claim has facial plausibility when the
3  plaintiff pleads factual content that allows the court to draw a reasonable inference that the
4  defendant is liable for the alleged misconduct."  *Id.* at 1949.  Thus, where the complaint does not
5  permit the court to infer more than the mere possibility of misconduct, the complaint has
6  "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks
7  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
8  plaintiff's complaint must be dismissed.  *Twombly*, 550 U.S. at 570.

9  **II.   Analysis**

10  The Court addresses Freeman's claims in the order he raises them in the amended
11  complaint.

12      **A.   Discrimination under 42 U.S.C. § 1981**

13  ADT argues that Freeman has not stated a viable discrimination claim under § 1981
14  because he does not provide enough facts to raise his discrimination claim above the speculative
15  level.  The Court disagrees.  Freeman alleges in his amended complaint that ADT "intentionally"
16  discriminated against him by terminating his employment and that race was a "motivating factor"
17  is ADT's decision to do so.  Freeman also provides the names of three other non-African-
18  American employees who drew their guns while working as security officers with ADT, but were
19  not terminated.  Taking these assertions as true, the Court finds Freeman has stated a viable § 1981
20  claim because he claims ADT intentionally discriminated against him on the basis of race and
21  because he provides specific allegations to indicate unfair treatment on the basis of race.  Taking
22  Freeman's assertions as true, the Court finds he has stated a viable claim under § 1981.

23      **B.   Negligent Infliction of Emotional Distress**

24  In order to state a claim for negligent infliction of emotional distress, a plaintiff
25  must allege that (1) the defendant negligently engaged in extreme and outrageous conduct with the
26  intention of causing emotional distress or with reckless disregard for the plaintiff's emotional

AO 72
(Rev. 8/82)

1  distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the
2  defendant's actions were the proximate cause of plaintiff's emotional distress.  *See Jordan v. State*,
3  110 P.3d 30, 52 (Nev. 2005).  In support of his claim for negligent infliction of emotional distress,
4  Freeman alleges that ADT's decision to discriminate against him was "extreme, outrageous, and at
5  a minimum negligent." (Dkt. #11, Am. Compl. ¶ 18.)

6         ADT argues Freeman's intentional infliction of emotional distress claim fails
7  because it was not adequately pled under the standard set forth in *Twombly*.  The Court agrees with
8  this assertion and grants ADT's motion to dismiss this claim.  Freeman's claim fails because an act
9  of racial discrimination alone does not amount to extreme or outrageous conduct under Nevada
10 law.  *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993).  Therefore, in order to
11 maintain this claim, Freeman must provide the Court with factual assertions indicating why ADT's
12 actions were not only discriminatory, but also outrageous.  Freeman, however, has failed to do so:
13 he simply alleges that ADT's decision to terminate him alone amounts to extreme and outrageous
14 conduct.  Because Freeman provides no additional factual assertion to support his claim that ADT
15 acted in an extreme or outrageous manner, his claim is entirely speculative and must be dismissed.

16       **C.**    **Negligent Training and Supervision**

17        In his final claim for relief, Freeman alleges ADT is liable for negligent training
18 and supervision because it failed to adequately train him regarding his duties as a security officer.
19 ADT alleges this claim fails as a matter of law because Nevada law contemplates that in negligent
20 training and supervision claims, the injured party is a third person, not an actual employee.  The
21 Court agrees with ADT and dismisses this claim.  The purpose of the tort of negligent supervision
22 and training claims is to hold employers liable when their employees injure a third-party as a result
23 of the employer's negligent.  *See Jespersen v. Harrah's Operating Co.*, 280 F. Supp. 2d 1189,
24 1195 (D. Nev. 2002).  The Court is not aware of, nor can it find, any case law indicating that
25 employees can bring this claim against their employers when they believe they have not been
26 adequately trained.  For this reason, the Court grants ADT's motion to dismiss this claim.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant ADT Security Services' Motion to Dismiss (#17) is GRANTED in part and DENIED in part as follows:

Plaintiff Curtis Freeman's claim for wrongful discrimination under 42 U.S.C. § 1981 REMAINS while his claims for negligent infliction of emotional distress and negligent training and supervision are DISMISSED.

Dated: August 23, 2010.

_____
**ROGER L. HUNT**
**Chief United States District Judge**